FILED
U.S. DISTRICT COURT

BRETT L. TOLMAN, United States Attorney (#8821)
BRETT R. PARKINSON, Assistant United States Attorney (#10310)
DUSTIN PEAD, Assistant United States Attorney (#8251)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111-1506
Telephone: (801) 524-5682
Facsimile: (801) 524-4475

2007 DEC -5  P 5:45

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

**SEALED**

| | |
|---|---|
| UNITED STATES OF AMERICA, | SEALED INDICTMENT |
| Plaintiff, | VIO:. 18 U.S.C. § 1349 (Conspiracy to Commit Wire Fraud) |
| vs. | 18 U.S.C. § 1343 (Wire Fraud) |
| MANUEL GILBERTO JIMENEZ, aka MANUEL JARAMILLO, | 18 U.S.C. § 1029(a)(5) (Access Device Fraud) |
| Defendant. | 18 U.S.C. § 1028A (Aggravated Identity Theft) |

The Grand Jury charges:

Case: 2:07-cr-00890
Assigned To : Sam, David
Assign. Date : 12/5/2007
Description: USA v.

### INTRODUCTION

At all times relevant to this Indictment:

1. MANUEL GILBERTO JIMENEZ, aka MANUEL JARAMILLO, was a resident of the district of Utah.

2. Julie Martinez was a resident of the district of Utah.

3. T.B. was a resident of the district of Utah.

4. State Farm Life Insurance Company was a corporation that was licensed to issue life insurance policies in the district of Utah.

## COUNT 1
## 18 U.S.C. § 1349
## Conspiracy to Commit Wire Fraud

5. Beginning in or about September 2004, and continuing through in or about June 2005, in the Central Division of the District of Utah, MANUEL GILBERTO JIMINEZ, aka MANUEL JARAMILLO, (hereinafter "JIMENEZ") and Julie Martinez (hereinafter Martinez), and others, knowingly conspired to commit wire fraud, in violation of 18 U.S.C. § 1343, in that they agreed to use and cause to be used the interstate wire communication system to procure a fraudulent life insurance policy.

### OBJECT OF THE CONSPIRACY

6. The object of the conspiracy was to fake the death of Martinez in order to unlawfully obtain the proceeds of a fraudulently procured life insurance policy from State Farm Life Insurance Company.

### MANNER AND MEANS OF THE CONSPIRACY

7. As part of the conspiracy, Defendant approached Julie Martinez with a proposition to make money through an insurance fraud scheme. As part of this scheme,

2

Ms. Martinez was to obtain a life insurance policy and to name T.B. as the beneficiary. T.B. was unaware that she was the named beneficiary, but JIMINEZ told Martinez to list her as such.

8. As a further part of conspiracy, after the insurance policy was procured, JIMINEZ was to provide T.B. with a fraudulent Mexican death certificate as evidence of Martinez's death. When proceeds from the life insurance policy were obtained from State Farm, JIMINEZ and Martinez were to share in the proceeds.

## OVERT ACTS

9. During and in furtherance of the conspiracy, within the District of Utah, one or more of the conspirators committed one or more of the following overt acts, among others:

10. In or about September 2004, JIMINEZ approached Martinez and proposed that she procure a life insurance policy in Martinez's name, listing T.B. as the beneficiary. As part of this proposition, JIMINEZ told Martinez that he would provide T.B. with a fraudulent Mexican death certificate, which would later be presented to State Farm as proof of Martinez' death, thereby allowing T.B. to obtain the proceeds of the policy, which would be split among the participants of the scheme.

11. On or about October 5, 2004, Martinez went to the State Farm office located at 123 West 5300 South, Murray, Utah and met with R.B., a State Farm insurance agent

and completed an application to purchase life insurance in the amount of $250,000. Martinez indicated that T.B., a "friend," was the beneficiary, signed the application and made an initial payment of $56.00 on the policy.

12. During this application process, Martinez falsely represented to State Farm that she had not used cocaine, marijuana, narcotics, or any other controlled substances in the five (5) years prior to October 5, 2004. In addition, Martinez falsely represented to State Farm that she had not been treated or counseled, or advised to seek treatment or counseling for alcohol or drug use during the same time period.

13. The application was completed on or about October 5, 2004, using State Farm's secure intranet. Once completed, R.B., using that secure intranet connection, submitted the application via wire communication to State Farm's regional office located at 1555 Promontory Circle, Greeley, Colorado.

14. In or about June 2005, over six (6) months after Martinez was murdered, Defendant approached T.B. and asked her to file a claim on the life insurance policy.

15. All in violation of 18 United States Code § 1349, and punishable by 18 U.S.C. § 1343.

**COUNT 2**
**18 U.S.C. § 1343**
**Wire Fraud**

16. The factual allegations of paragraphs 1 through 15 are incorporated by

reference as the scheme and artifice.

17. Beginning in or about September 2004, and continuing through in or about November 2004, in the Central Division of the District of Utah,

> MANUEL GILBERTO JIMINEZ, aka
> MANUEL JARAMILLO

Defendant herein, devised and intended to devise a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations, and promises from State Farm Life Insurance Company, and to execute and attempt to execute, the scheme and artifice, Defendant did cause to be transmitted in interstate commerce, by means of a wire communication, certain signs, signals, and sounds, as identified below, and did aid and abet in the commission thereof.

| Count | Date (on or about) | Wire Communication |
|---|---|---|
| 2 | October 5, 2004 | Life insurance application number 440-1406-E37 for Julie Martinez in the amount of $250,000, sent via State Farm's secure intranet from the State Farm office located at 123 West 5300 South, Murray, Utah, to State Farm's regional office located at 1555 Promontory Circle, Greeley, Colorado |

18. All in violation of 18 U.S.C. §§ 1343, and 2(a); and punishable by the same.

///

///

## COUNT 3
## 18 U.S.C. § 1029(a)(5)
## Access Device Fraud

19. On or about June 30, 2005, in the Central Division of the District of Utah,

MANUEL GILBERTO JIMENEZ, aka
MANUEL JARAMILLO,

Defendant herein, did aid and abet in knowingly, and with intent to defraud, effecting transactions, with an access device issued to another person, to receive something of value during a one-year period, the aggregate value of which is equal to or greater than $1,000, which was in or affected interstate commerce, in that Defendant gave a credit card with a number that belonged to "G.P.," Discover Card number **** **** **** 6124, to T.B. to obtain a cash advance of $5,800.00.

20. All in violation of 18 U.S.C. §§ 1029(a)(5) & 2(a), and punishable by 18 U.S.C. § 1029(c)(1)(A)(ii).

## COUNT 4
## 18 U.S.C. § 1028A
## Aggravated Identity Theft

21. On or about June 30, 2005, in the Central Division of the District of Utah,

MANUEL GILBERTO JIMENEZ, aka
MANUEL JARAMILLO,

Defendant herein, did aid and abet the knowing possession, and use, without lawful authority, of a means of identification of another person, that is, the name of and credit

card number belonging to "G.P." (Discover Card number **** **** **** 6124) during and in relation to committing a violation of 18 U.S.C. § 1029(a)(5) (Access Device Fraud), as set forth in Count 3 of this Indictment, which is hereby incorporated by reference as though fully stated herein.

22. All in violation of 18 U.S.C. §§ 1028A & 2(a), and punishable by the same.

A TRUE BILL:

/s/

FOREPERSON OF THE GRAND JURY

BRETT L. TOLMAN
UNITED STATES ATTORNEY

BRETT R. PARKINSON
Assistant United States Attorney